IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| IN THE MATTER OF | IN PROCEEDINGS UNDER CHAPTER 13 |
|---|---|
| THOMAS LABANAUSKAS | NO. 04-44972 JUDGE: BLACK, B.J. |
| Debtor. | |

## AGREED ORDER CONDITIONING CONTINUATION OF THE AUTOMATIC STAY 180 DAY BAR TO NEW FILING

THIS CAUSE coming on to be heard on the motion of WILSHIRE CREDIT CORPORATION AS SERVICER to Dismiss the Chapter 13 Case; or in the Alternative to Modify the Automatic Stay, the Court having jurisdiction and being advised in the premises;

IT IS HEREBY ORDERED:

A. That in order to cure post-petition mortgage defaults to WILSHIRE CREDIT CORPORATION AS SERVICER, through March 2005, in the amount of $681.00 the Debtor shall make the following payments to:

WILSHIRE CREDIT CORPORATION AS SERVICER
c/o Fidelity Natl FC Sol.
1270 Northland Dr., #200
Mendota Heights, Minnesota 55120

1. $170.25 to be received on or before April 20, 2005
2. $170.25 to be received on or before May 20, 2005
3. $170.25 to be received on or before June 20, 2005
4. $170.25 to be received on or before July 20, 2005

\* That all payments made pursuant to this Order shall be applied first to reimburse WILSHIRE CREDIT CORPORATION AS SERVICER for attorneys fees of $450.00 incurred in connection with this motion, a related motion or a related objection to confirmation. All further payments will be applied in the manner prescribed by the subject note and mortgage.

B. That the payments authorized to be made under Paragraph A of this order are in addition to the regularly scheduled current mortgage payments to begin April 2005 (presently assessed at $1,813.31 or $1,862.19 in the event payments shall not have been received on or before the 15th day of the month in which it came due) to:

WILSHIRE CREDIT CORPORATION AS SERVICER
c/o Fidelity Natl FC Sol.
1270 Northland Dr., #200
Mendota Heights, Minnesota 55120

C. That if any payment under Paragraph A shall not have been received on or before its due date, or if any payment under Paragraph B of this order shall not have been received in the month in which the payment came due, then upon fifteen (15) days written notice to the Debtor(s), to his attorney, the Standing Trustee, the automatic stay shall be deemed modified as to WILSHIRE CREDIT CORPORATION AS SERVICER, its successors and assignees to enable foreclosure on the property commonly known as: 13520 POTAWATOMI TRAIL, LOCKPORT, IL 60441.

D. That commencing with the current mortgage payment coming due January 2005 the Debtor shall make current monthly payments (presently assessed at $1,813.31 or $1,862.19 in the event said payment shall not have been received on or before 15th day of the month in which it came due) to:

WILSHIRE CREDIT CORPORATION AS SERVICER
c/o Fidelity Natl FC Sol.
1270 Northland Dr., #200
Mendota Heights, Minnesota 55120

E. That in the event payments authorized to be made under Paragraph D of this order shall become two (2) or more months delinquent, then upon fifteen (15) days written notice to the Debtor, his attorney, the Standing Trustee, the automatic stay shall be deemed modified as to WILSHIRE CREDIT CORPORATION AS SERVICER, its successors and assignees, to enable foreclosure on the real property commonly known as: 13520 POTAWATOMI TRAIL, LOCKPORT, IL 60441.

F. That the fifteen-day notice provided for in Paragraphs C and E of this order may be used as a grace period. To cure within the grace period, the Debtor must bring post-petition payments current through the month of tender.

G. That in the event that the stay is modified as to WILSHIRE CREDIT CORPORATION AS SERVICER and this case is thereafter dismissed, with prejudice under Section 349 (a) of the Bankruptcy Code for a period of 180 days from the entry of said order on the docket as to Debtor's subsequent filing of Chapter 11 or Chapter 13 petition, except upon notice to creditors and motion before this Court as to whether cause exist for a subsequent filing, and then upon hearing and an appropriate order of this Court.

H.  If the Debtor makes all payments as agreed and does not default for two or more months and thus does not cause WILSHIRE CREDIT CORPORATION AS SERVICER to issue a notice of default from the date in which the confirmation order is docketed to a date which is twelve (12) months from said date in which the confirmation order docketed, then Paragraph G shall have no further force and effect.

Enter: _____
BANKRUPTCY JUDGE

DATED: -1 APR 2005

RICHARD B. ARONOW
TODD J. RUCHMAN
CHRIS A. CIENIAWA
MICHAEL J. KALKOWSKI
SHAPIRO & KREISMAN, LLC
4201 LAKE COOK ROAD
NORTHBROOK, IL 60062
(847) 498-9990
ATTORNEYS FOR WILSHIRE CREDIT CORPORATION AS SERVICER